## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: General Motors Corporation, ) | Case No. MDL 04-1600 |
| "Piston Slap" Products Liability Litigation, ) | Judge Joe Heaton |
| ) | |
| Judge Joe Heaton ) | |
| ) | |

**This document relates to:**
*Largent v. General Motors Corporation*, **Cause No. G-04-157;**

### ORDER

Plaintiff Scott Largent, the owner of a 2002 Chevrolet Avalanche, filed a class action complaint against General Motors Corporation ("GM") premised on an alleged defect in certain car and truck engines it designed and manufactured.[1] In addition to claiming the defendant breached express and implied warranties and was unjustly enriched, and seeking injunctive and declaratory relief, the plaintiff alleges GM violated Texas' Deceptive Trade Practices Act ("DTPA"). GM has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), contending it fails to state a claim and does not allege misrepresentation with the required particularity.[2]

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party.

---

[1] *The plaintiff filed the complaint on behalf of himself and all others who purchased from a GM authorized dealer within the State of Texas any new 1999-2003 model year GM car or truck with a 3.1, 3.4, 4.8, 5.3, 5.7(LS1), 6.0 or 8.1 liter engine.*

[2] *Although it pertains primarily to a different plaintiff, the court has not considered the extraneous information (plaintiff Massari's interrogatory answers) GM refers to in its reply brief.*

*See* Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). Reviewing the complaint under that lenient standard, the court concludes the defendant's motion should be granted as to the plaintiff's Texas Deceptive Trade Practices Act and unjust enrichment claims and otherwise denied. The rationale for the court's decision follows a brief summary of the plaintiff's allegations.

In his complaint, the plaintiff asserts that certain engines, including that in his Avalanche, that the defendant designed and manufactured for its 1999-2003 model year cars and trucks had a defect, referred to as piston slap, that resulted from excessive clearance between the pistons and the sides of the cylinder walls or bores. Piston slap, he alleges, causes a loud knocking noise, damages the engine, wastes fuel and oil, causes significantly higher vehicle emissions, reduces the vehicle's power and performance, and lowers the vehicle's resale value. The plaintiff claims that when the engine in his vehicle began to make a loud knocking noise after start-up and while the warranty was still in effect, he took it to the dealership where he had purchased the vehicle. He was informed that the sound was "normal engine noise." The plaintiff contends that several Technical Service Bulletins GM issued in 2001 and 2003 not only demonstrate that GM was aware of the piston slap problem, but reveal the defendant's attempt to avoid liability and conceal the negligent design or manufacturing defect. He also alleges that as a result of complaints GM offers owners

extended 6 year/100,000 mile warranties on the engines and engine parts, but then refuses to cover piston slap under the new warranty.

Citing "no-injury" product defect cases, the defendant initially contends Largent cannot maintain an action under any of his legal theories for a defect that has not caused a compensable injury. This argument fails, however, as GM ignores the plaintiff's allegations, liberally construed, that the "defect had actually manifested itself in [his] vehicle[]," Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999), and his allegations of injury, particularly his claim that piston slap harms the engine. The assertions of actual, present damage distinguish this case from those GM relies on, in which the plaintiffs "concede[d] they were not among the injured," Rivera v. Wyeth -Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) or were essentially seeking to recover for a "potentially life-threatening defect." Lee v. General Motors Corp., 950 F.Supp. 170, 172 (S.D.Miss. 1996).[3] It is true the amended complaint does not clearly and explicitly allege that the plaintiff's engine suffered from excessive piston-to-bore clearance or that his engine was damaged, used excessive oil or had sustained any of the other specific consequences alleged to stem from the "piston slap" defect. However, under the liberal pleading standard of Fed.R.Civ.P. 8(a), the court broadly interprets the plaintiff's complaint as making such allegations. In reaching that conclusion a further word about the terminology the plaintiff employs is warranted. The plaintiff has used the term "piston slap" in various ways, depending on the context. At times,

---

[3]*At this procedural stage, the issue is whether the plaintiff has pleaded damages, not whether he can prove he actually sustained a cognizable loss.*

the plaintiff is careful to identify the alleged underlying defect as excessive piston-to-bore clearance. He terms this defect "piston slap." At other times the plaintiff refers to "piston slap" as the noise resulting from the defect, a subtle but potentially important shift. As the defendant correctly notes, noise by itself is not a "defect" within the meaning of warranty claims, both contractual and pursuant to the Uniform Commercial Code or Magnuson-Moss Warranty Act, or under many states' consumer laws. *E.g.*, Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627 (Ill.App.Ct. 2001); Miller v. DaimlerChrylser Motors Corp., 2001 WL 587496 (Ohio Ct.App. 2001).

To establish an actionable defect, the plaintiff must allege and ultimately prove not just that his vehicle was noisy, or that it generated what the plaintiff views as excessive noise, but that the vehicle in fact suffered from the underlying defect alleged – that the excessive piston-to-bore clearance resulted in engine damage, increased oil consumption and the like. For present purposes the question is whether the plaintiff has sufficiently pleaded the requisite defect. The court concludes he has. Dismissal of the complaint is not, therefore, warranted on the ground that the plaintiff has failed to allege a product defect or injury.

Breach of Warranty

GM contends the plaintiff's express warranty claim is deficient for lack of allegations that his vehicle exhibits or suffers from piston slap or that GM has refused to repair a defect in the engine or indicated an intent not to repair his engine under the warranty if premature failure occurs. Largent's implied warranty claim is undermined, GM argues, by his failure to allege that his vehicle's engine has failed in any way or is unfit for transportation. Neither

argument is persuasive; the plaintiff has alleged sufficient facts to support both warranty claims.

Texas Deceptive Trade Practices Act

GM contends that the plaintiff's claim under Texas' Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code. Ann. §17.50(a), fails because he has not pleaded reliance on any of the alleged false, deceptive or misleading acts. The DTPA allows a consumer to sue for another's use or employment of a false, misleading or deceptive act or practice that is specifically enumerated in § 17.46(b) and was "relied on by a consumer to the consumer's detriment." Tex. Bus. & Com. Code. Ann. §17.50(a)(1)(B). The court concurs with GM that the absence of any allegations of reliance defeats the plaintiff's statutory claim.

GM also argues that the plaintiff's DTPA claim should be dismissed because it does not satisfy the heightened pleading requirement of Fed.R.Civ.P. 9(b). The plaintiff responds that the applicability of Rule 9(b) to a claim alleged under the DTPA is an undecided issue, but that if the Rule does apply, the pleading standard has been met. The court disagrees and finds that, in addition to failing to plead reliance, the plaintiff's DTPA claim fails to satisfy either Rule 8 or 9(b), with the exception of the allegation in ¶ 51(d).[4] Therefore, the plaintiff's DTPA claim will be dismissed, but he is granted ten days to amend his complaint to state a claim under the statute, if that can be accomplished.

---

[4]*As noted by GM, the violations alleged merely track the statutory language. Although ¶51(d) also parallels a listed violation, that alleged deceptive act is sufficiently supported by allegations found elsewhere in the amended complaint.*

Unjust Enrichment

Dismissal of the plaintiff's unjust enrichment claim is necessary, GM asserts, because Texas does not allow a party to recover under a quasi-contractual theory when a valid express contract governing the subject matter of the parties' dispute exists. The plaintiff fails to respond to GM's argument, asserting instead that he is entitled to plead inconsistent theories.

Under Texas law an unjust enrichment claim fails upon a showing that an express contract exists. Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 454 (5th Cir. 2001) ("In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists."). GM states in its brief that "the existence of an express warranty to repair any vehicle defect related to materials or workmanship occurring during the warranty period" is undisputed. GM's motion, p. 15. The complaint alleges the existence of the warranty. The available contractual remedy precludes the plaintiff's unjust enrichment claim, which will be dismissed.

Accordingly, the defendant's motion is **GRANTED** as to the plaintiff's Texas Deceptive Trade Practices Act and unjust enrichment claims and otherwise **DENIED**. The plaintiff is granted **ten (10) days** within which, if he so chooses, to amend his DTPA claim.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE