**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:  General Motors Corporation,<br>"Piston Slap" Products Liability Litigation, | )   Case No.  MDL 04-1600<br>)   Judge Joe Heaton<br>)<br>) |

**This document relates to:**
*Skinner v. General Motors Corp.*, **Cause No. CV 04-1043;**

## ORDER

Plaintiff John M. Skinner, the owner of a 2002 Chevrolet Camaro SS, filed a class action complaint against General Motors Corporation ("GM") premised on an alleged defect in certain car and truck engines it designed and manufactured.[1]  In addition to claiming the defendant breached express and implied warranties and was unjustly enriched, and seeking injunctive and declaratory relief, the plaintiff alleges GM violated California's unfair competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*[2] and its Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.  GM has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), contending it fails to state a claim and does not allege misrepresentation and false advertising under the UCL and CLRA with the required

---

[1]*The plaintiff filed the complaint on behalf of himself and all others who purchased from a GM authorized dealer within the State of California any new 1999-2003 model year GM car or truck with a 3.1, 3.4, 4.8, 5.3, 5.7(LS1), 6.0 or 8.1 liter engine.*

[2]*The California legislature did not give § 17200 et seq. an official name, so it has been labeled the "unfair competition law."  California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 114 Cal.Rptr.2d 109, 112 n.4 (Cal.Ct.App. 2001).*

particularity.³

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. *See* Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). Reviewing the complaint under that lenient standard, the court concludes the defendant's motion should be granted in part and denied in part. The rationale for the court's decision follows a brief summary of the plaintiff's allegations.

In his complaint, the plaintiff asserts that certain engines, including that in his Camaro SS, that the defendant designed and manufactured for its 1999-2003 model year cars and trucks had a defect, referred to as piston slap, that resulted from excessive clearance between the pistons and the sides of the cylinder walls or bores. Piston slap, he alleges, causes a loud knocking noise, damages the engine, wastes fuel and oil, causes significantly higher vehicle emissions, reduces the vehicle's power and performance, and lowers the vehicle's resale value. His vehicle, the plaintiff pleads, is currently using engine oil at a rate of one quart for every three to four thousand miles.

---

³*Although it pertains primarily to a different plaintiff, the court has not considered the extraneous information (plaintiff Massari's interrogatory answers) GM refers to in its reply brief.*

The plaintiff claims that when the engine in his vehicle began to make a loud knocking noise after start-up he took it to the dealership where he had purchased the vehicle. At that time his truck was under warranty.[4] He was informed by the service adviser and service manager that the sound was "normal engine noise." The plaintiff contends that several Technical Service Bulletins GM issued in 2001 and 2003, not only demonstrate that GM was aware of the piston slap problem, but reveal the defendant's attempt to avoid liability and conceal the negligent design or manufacturing defect. He also alleges that as a result of complaints GM offers owners extended 6 year/100,000 mile warranties on the engines and engine parts, but then refuses to cover piston slap under the new warranty.

Citing "no-injury" product defect cases, the defendant initially contends Skinner cannot maintain an action under any of his legal theories for a defect that has not caused a compensable injury. This argument fails, however, as GM ignores the plaintiff's allegations, liberally construed, that the "defect had actually manifested itself in [his] vehicle[],"[5] Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999), and his allegations of injury, particularly his claims that piston slap harms the engine and that his car uses an excessive amount of oil. The assertions of actual, present damage distinguish this case from those GM relies on, in which the plaintiffs "concede[d] they were not among the injured," Rivera v. Wyeth -Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) or were essentially seeking to

---

[4]*The plaintiff's truck was covered by GM's new vehicle limited warranty and an extended warranty he had purchased.*

[5]*See First Amended Class Action Complaint, ¶¶ 43, 70-72.*

recover for a "potentially life-threatening defect." Lee v. General Motors Corp., 950 F.Supp. 170, 172 (S.D.Miss. 1996).[6] It is true the amended complaint does not clearly and explicitly allege that the plaintiff's engine suffered from excessive piston-to-bore clearance or that his engine was damaged, used excessive oil or had sustained any of the other specific consequences alleged to stem from the "piston slap" defect. However, under the liberal pleading standard of Fed.R.Civ.P. 8(a), the court broadly interprets the plaintiff's complaint as making such allegations. In reaching that conclusion a further word about the terminology the plaintiff employs is warranted. The plaintiff has used the term "piston slap" in various ways, depending on the context. At times, the plaintiff is careful to identify the alleged underlying defect as excessive piston-to-bore clearance. He terms this defect "piston slap." At other times the plaintiff refers to "piston slap" as the noise resulting from the defect, a subtle but potentially important shift. As the defendant correctly notes, noise by itself is not a "defect" within the meaning of warranty claims, both contractual and pursuant to the Uniform Commercial Code or Magnuson-Moss Warranty Act, or under many states' consumer laws. *E.g.*, Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627 (Ill.App.Ct. 2001); Miller v. DaimlerChrylser Motors Corp., 2001 WL 587496 (Ohio Ct.App. 2001).

To establish an actionable defect, the plaintiff must allege and ultimately prove not just that his vehicle was noisy, or that it generated what the plaintiff views as excessive noise, but that the vehicle in fact suffered from the underlying defect alleged – that the excessive

---

[6]*At this procedural stage, the issue is whether the plaintiff has pleaded damages, not whether he can prove he actually sustained a cognizable loss.*

piston-to-bore clearance resulted in engine damage, increased oil consumption and the like. For present purposes the question is whether the plaintiff has sufficiently pleaded the requisite defect. The court concludes he has. Dismissal of the complaint is not, therefore, warranted on the ground that the plaintiff has failed to allege a product defect or injury.[7]

Breach of Warranty

GM contends the plaintiff's express warranty claim is deficient for lack of allegations that his vehicle exhibits or suffers from piston slap or that GM has refused to repair a defect in the engine or indicated an intent not to repair his engine under the warranty if premature failure occurs. Skinner's implied warranty claim is undermined, GM argues, by his failure to allege that his vehicle's engine has failed in any way or is unfit for transportation. Neither argument is persuasive; the plaintiff has alleged sufficient facts to support both warranty claims.

California's Unfair Competition Law and Consumers Legal Remedies Act

GM contends that the plaintiff's misrepresentation and false advertising claims asserted under California's unfair competition law ("UCL") and Consumers Legal Remedies Act ("CLRA") should be dismissed because they do not satisfy the heightened pleading requirement of Fed.R.Civ.P. 9(b). To prevail under California's unfair competition law, the plaintiff must plead and prove that the challenged business practice is either unlawful, unfair (the harm to the victim outweighs any benefit) or fraudulent (likely to deceive members of

---

[7]*Contrary to the plaintiff's argument in his response brief, GM has not asserted that the plaintiff's claims are barred by the economic loss rule.*

the public).[8]   Albillo v. Intermodal Container Servs., Inc., 8 Cal.Rptr.3d 350, 362 (Cal.Ct.App. 2003).  While fraud is not an essential element of a claim under either statute, Vess v. CIBA-Geigy Corp., USA, 317 F,3d 1097, 1103-05 (9th Cir. 2002), if the plaintiff alleges, as a basis for his statutory claim, that the defendant has engaged in fraudulent conduct, then the circumstances constituting fraud must be stated with particularity.  *Id.*

In support of his UCL claim, the plaintiff alleges that GM (1) engaged in unfair business practices by selling defective engines and refusing to repair or replace them (¶ 56); (2) engaged in fraudulent business acts or practices by concealing material information and conducting a deceptive national brand image and advertising campaign (¶ 57); and (3) engaged in unlawful, unfair or fraudulent business practices when it represented through its brand imaging, advertising and warranties that its engines were free from defects (¶ 58).  The allegations in paragraphs 57 and 58, when considered in conjunction with the remainder of the pleading, suffice to satisfy the pertinent pleading standard, Rule 8 for ¶ 56 and Rule 9(b) for ¶ 57, to the extent it is an "averment[] of fraud."  *Id*. at 1105.  Paragraph 58 is insufficient under either pleading standard and will be disregarded.

The plaintiff alleges that GM violated the CLRA by concealing material facts about the design flaws in its engines and refusing to repair or replace them under the warranties, while engaging in three different types of conduct: (1) representing that its engines have

---

[8]*The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.*

sponsorship, characteristics, or uses that they do not possess (¶ 64a); (2) representing that its engines are of a particular standard or quality (¶ 64b); and (3) advertising goods while intending not to sell them as advertised (¶ 64c). The allegations in paragraph 64 merely track the statutory language and, with the exception of the acts described in paragraph 64b, the court cannot determine how any of the conduct alleged in the complaint falls within the statutory proscriptions. The allegations in paragraphs 64a and 64c of the complaint fail to satisfy Rule 9(b) or even the lesser standard of Rule 8 and, accordingly, will be disregarded.

<u>Unjust Enrichment</u>

Dismissal of the plaintiff's unjust enrichment claim is necessary, GM asserts, because California does not allow a party to recover under a quasi-contractual theory when a valid contract exists. The plaintiff fails to respond to GM's argument, asserting instead that he is entitled to plead inconsistent theories. Under California law an unjust enrichment claim fails upon a showing that an express contract exists. <u>California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.</u>, 114 Cal.Rptr.2d 109, 125 (Cal.Ct.App. 2001) ("[A]s a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights"). GM states in its brief that "the existence of an express warranty to repair any vehicle defect related to materials or workmanship occurring during the warranty period" is undisputed. GM's motion, p. 16. The complaint alleges the existence of the warranty. The available contractual remedy precludes the plaintiff's unjust enrichment claim, which will be dismissed.

Accordingly, the defendant's motion is **GRANTED** as to the plaintiff's unjust enrichment claim and in all other respects the defendant's motion is **DENIED**.[9]

**IT IS SO ORDERED**.

Dated this 8th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[9]*Although the plaintiff refers to the Magnusson-Moss Act in ¶55 of the first amended class action complaint, the claim is not "alleged below," and is not considered to have been pleaded.*