## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:  General Motors Corporation, ) | Case No.  MDL 04-1600 |
| "Piston Slap" Products Liability Litigation, ) | Judge Joe Heaton |
| ) | |
| ) | |

**This document relates to:**
*Massari v. General Motors Corporation,* **Case No. 04-CIV-1253.**

### ORDER

Plaintiff Matt Massari, the owner of a 2001 Yukon XL, filed a class action complaint against General Motors Corporation ("GM") premised on an alleged defect in certain car and truck engines it designed and manufactured.[1] In addition to claiming the defendant breached express and implied warranties and was unjustly enriched, and seeking injunctive and declaratory relief, the plaintiff alleges GM violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law. GM has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), contending it fails to state a claim and does not allege misrepresentation with the required particularity.[2]

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party.

---

[1]*The plaintiff filed the complaint on behalf of himself and all others who purchased from a GM authorized dealer within the State of Pennsylvania any new 1999-2003 model year GM car or truck with a 3.1, 3.4, 4.8, 5.3, 5.7(LS1), 6.0 or 8.1 liter engine.*

[2]*The court has not considered the extraneous information – the plaintiff's interrogatory answers – that GM refers to in its reply brief.*

*See* Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). Reviewing the complaint under that lenient standard, the court concludes the defendant's motion should be granted as to the plaintiff's unjust enrichment claim and otherwise denied. The rationale for the court's decision follows a brief summary of the plaintiff's allegations.

In his complaint, the plaintiff asserts that certain engines, including that in his Yukon, that the defendant designed and manufactured for its 1999-2003 model year cars and trucks had a defect, referred to as piston slap, that resulted from excessive clearance between the pistons and the sides of the cylinder walls or bores. Piston slap, he alleges, causes a loud knocking noise, damages the engine, wastes fuel and oil, causes significantly higher vehicle emissions, reduces the vehicle's power and performance, and lowers the vehicle's resale value. The plaintiff claims that when the engine in his vehicle began to make a loud knocking noise after start-up and while the warranty was still in effect,[3] he took it to the dealership where he had purchased the vehicle. He was informed that the sound was "normal engine noise." The plaintiff contends that several Technical Service Bulletins GM issued in 2001 and 2003, not only demonstrate that GM was aware of the piston slap problem, but reveal the defendant's attempt to avoid liability and conceal the negligent design or

---

[3]*As noted by GM, it is unclear how Massari's vehicle can still be under warranty after it has been driven 50,000 miles, unless he neglected to pleaded his purchase of an extended warranty or receipt of an extended warranty from GM.*

2

manufacturing defect. He also alleges that as a result of complaints GM offers owners extended 6 year/100,000 mile warranties on the engines and engine parts, but then refuses to cover piston slap under the new warranty.

Citing "no-injury" product defect cases, the defendant initially contends Massari cannot maintain an action under any of his legal theories for a defect that has not caused a compensable injury. This argument fails, however, as GM ignores the plaintiff's allegations, liberally construed, that the "defect had actually manifested itself in [his] vehicle[ ]," Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999), and his allegations of injury, particularly his claim that piston slap harms the engine. The assertions of actual, present damage distinguish this case from those GM relies on, in which the plaintiffs "concede[d] they were not among the injured," Rivera v. Wyeth -Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) or were essentially seeking to recover for a "potentially life-threatening defect." Lee v. General Motors Corp., 950 F.Supp. 170, 172 (S.D.Miss. 1996).[4] It is true the amended complaint does not clearly and explicitly allege that the plaintiff's engine suffered from excessive piston-to-bore clearance or that his engine was damaged, used excessive oil or had sustained any of the other specific consequences alleged to stem from the "piston slap" defect. However, under the liberal pleading standard of Fed.R.Civ.P. 8(a), the court broadly interprets the plaintiff's complaint as making such allegations. In reaching that conclusion a further word about the terminology the plaintiff employs is warranted. The

---

[4]*At this procedural stage, the issue is whether the plaintiff has pleaded damages, not whether he can prove he actually sustained a cognizable loss.*

plaintiff has used the term "piston slap" in various ways, depending on the context. At times, the plaintiff is careful to identify the alleged underlying defect as excessive piston-to-bore clearance. He terms this defect "piston slap." At other times the plaintiff refers to "piston slap" as the noise resulting from the defect, a subtle but potentially important shift. As the defendant correctly notes, noise by itself is not a "defect" within the meaning of warranty claims, both contractual and pursuant to the Uniform Commercial Code or Magnuson-Moss Warranty Act, or under many states' consumer laws. *E.g.*, Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627 (Ill.App.Ct. 2001); Miller v. DaimlerChrylser Motors Corp., 2001 WL 587496 (Ohio Ct.App. 2001).

To establish an actionable defect, the plaintiff must allege and ultimately prove not just that his vehicle was noisy, or that it generated what the plaintiff views as excessive noise, but that the vehicle in fact suffered from the underlying defect alleged – that the excessive piston-to-bore clearance resulted in engine damage, increased oil consumption and the like. For present purposes, the question is whether the plaintiff has sufficiently pleaded the requisite defect. The court concludes he has. Dismissal of the complaint is not, therefore, warranted on the ground that the plaintiff has failed to allege a product defect or injury.

Breach of Warranty

GM contends the plaintiff's express warranty claim is deficient for lack of allegations that his vehicle exhibits or suffers from piston slap or that GM has refused to repair a defect in the engine or indicated an intent not to repair his engine under the warranty if premature failure occurs. Massari's implied warranty claim is undermined, GM argues, by his failure

to allege that his vehicle's engine has failed in any way or is unfit for transportation. Neither argument is persuasive; the plaintiff has alleged sufficient facts to support both warranty claims.

Pennsylvania's Unfair Trade Practices and Consumer Protection Law

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 70 Pa. Stat. Ann. tit. 73, §§ 201-1 *et seq.*, declares the "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," defined in the Act[5] and regulations promulgated under it, to be unlawful. *Id.* § 201-3. Massari alleges GM violated the statute by causing "a likelihood of confusion and misunderstanding as to the certification of services;" by failing to "comply with the terms of any written guaranty or warranty given to plaintiff and members of the Class at, prior to, and after the contract for services;" and "by engaging in other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding." First Amended Class Action Complaint, ¶55(a) - (c), citing 70 Pa. Stat. Ann. tit. 73, §§ 201-2(4)(ii), (xiv), (xxi). GM contends that the plaintiff's claim under the statute fails because Massari does not allege he relied to his detriment on any of the enumerated unfair or deceptive acts.[6]

The allegations in ¶ 55(a) merely track the statutory language and the court cannot determine how any of the conduct alleged in the complaint falls within that statutory

---

[5]*The unfair or deceptive acts or practices are defined in § 201-2(4).*

[6]*GM also contends that the class claims asserted under the UTPCPL should be dismissed for lack of commonality because of the necessity of individual proof of detrimental reliance. A determination of the viability of the class claims, prior to certification of the class or consideration of the certification issue, is premature.*

proscription or violates 70 Pa. Stat. Ann. tit. 73, § 201-2(4)(xiv). However, liberally construing the complaint, the court finds the plaintiff has stated a claim under the UTPCPL, specifically §201-2(4)(xxi). Massari's allegations that, despite the warranties GM provided its purchasers and its awareness of the piston slap defect, the manufacturer, through its dealers, advised customers the knocking sound was normal engine noise and refused to repair/replace the alleged defective engines, can be construed as "[e]ngaging in ...fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id. See* First Amended Class Action Complaint, ¶¶ 8, 24-25, 27, 34, 42-44 and 55(b).

As another ground for dismissing the plaintiff's UTPCPL claim, GM argues that the plaintiffs have not alleged misrepresentation or deceptive conduct with the particularity required by Fed.R.Civ.P. 9(b). The plaintiff responds that the applicability of Rule 9(b) to a claim alleged under the statute is an undecided issue, but that if the Rule does apply, the pleading standard has been met.[7] The heightened pleading requirement applies to a UTPCPL claim asserted under 70 Pa. Stat. Ann. tit. 73, § 201-2(4)(xxi), but has, the court finds, been met. *See generally* Grant v. Kingswood Apartments, 2001 WL 187634, at *3-4 (E.D.Pa. Oct. 15, 2001*). See* First Amended Class Action Complaint, ¶¶ 8, 24-25, 27, 34, 42-44 and 55(b).

Unjust Enrichment

Dismissal of the plaintiff's unjust enrichment claim is necessary, GM asserts, because

---

[7]*Although the law may be unsettled as to whether all alleged violations of the UTPCPL must be pleaded with the same specificity as a common-law fraud claim, see* Grant v. Kingswood Apartments*, 2001 WL 187643, at *3-4 (E.D.Pa. Oct. 15, 2001), the particularity requirement of Rule 9 clearly applies to the Act's "catch-all fraud provision," 70 Pa. Stat. Ann. tit. 73, § 201-2(4)(xxi). See id.*

Pennsylvania does not allow a party to prevail on an unjust enrichment claim where there is an adequate remedy at law or when the relationship between the parties is founded on an express contract. The plaintiff fails to respond to GM's argument, asserting instead that he is entitled to plead inconsistent theories.

GM states in its brief that "the existence of an express warranty to repair any vehicle defect related to materials or workmanship occurring during the warranty period" is undisputed. GM's motion, p. 16. The complaint alleges the existence of the warranty. The available contractual remedy precludes the plaintiff's unjust enrichment claim, which will be dismissed. *See* Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) ("Under Pennsylvania law, 'the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract.'") (quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank, 776 F.2d 1174 (3d Cir. 1985)); Clark v. Pennsylvania State Police, 436 A.2d 1383, 1385 (Pa. 1981) ("[A] court of equity will not invoke its jurisdiction where there is an adequate remedy at law.").

Accordingly, the defendant's motion is **GRANTED** as to the plaintiff's unjust enrichment claim and otherwise **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE