**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:  General Motors Corporation,   ) | Case No.  MDL 04-1600 |
| "Piston Slap" Products Liability Litigation,  ) | Judge Joe Heaton |
|                                              ) | |
| Judge Joe Heaton                            ) | |

**This document relates to:**
*Reagan v. General Motors Corporation*, **Case No. 04-CIV-01985;**

## ORDER

Plaintiff William E. Reagan, the owner of a 2000 Chevrolet Silverado truck, filed a class action complaint against General Motors Corporation ("GM") premised on an alleged defect in certain car and truck engines it designed and manufactured.[1] In addition to claiming the defendant breached express and implied warranties and was unjustly enriched, and seeking injunctive and declaratory relief, the plaintiff alleges GM violated New York's Consumer Protection Act.  GM has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), contending it fails to state a claim and does not allege misrepresentation under New York's consumer fraud statute with the required particularity.[2]

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that

---

[1] *The plaintiff filed the complaint on behalf of himself and all others who purchased from a GM authorized dealer within the State of New York any new 1999-2003 model year GM car or truck with a 3.1, 3.4, 4.8, 5.3, 5.7(LS1), 6.0 or 8.1 liter engine.*

[2] *Although it pertains primarily to a different plaintiff, the court has not considered the extraneous information (plaintiff Massari's interrogatory answers) GM refers to in its reply brief.*

might be drawn from them, are construed in the light most favorable to the nonmoving party. *See* Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). Reviewing the complaint under that lenient standard, the court concludes the defendant's motion should be denied. The rationale for the court's decision follows a brief summary of the plaintiff's allegations.

In his complaint, the plaintiff asserts that certain engines, including that in his GM pickup, that the defendant designed and manufactured for its 1999-2003 model year cars and trucks had a defect, referred to as piston slap, that resulted from excessive clearance between the pistons and the sides of the cylinder walls or bores. Piston slap, he alleges, causes a loud knocking noise, damages the engine, wastes fuel and oil, causes significantly higher vehicle emissions, reduces the vehicle's power and performance, and lowers the vehicle's resale value. The plaintiff claims that when his truck engine began to make a loud knocking noise after start-up he took it to the Chevrolet dealership where he had purchased the vehicle. At that time his truck was under warranty.[3] The service representatives informed the plaintiff that the sound was "normal engine noise." The plaintiff contends that several Technical Service Bulletins GM issued in 2001 and 2003 not only demonstrate that GM was aware of the piston slap problem, but reveal the defendant's attempt to avoid liability and conceal the

---

[3]*The plaintiff's truck was covered by GM's new vehicle limited warranty and an extended warranty he had purchased.*

negligent design or manufacturing defect. He also alleges that as a result of complaints GM offers owners extended 6 year/100,000 mile warranties on the engines and engine parts, but then refuses to cover piston slap under the new warranty.

Citing "no-injury" product defect cases, the defendant initially contends Reagan cannot maintain an action under any of his legal theories for a defect that has not caused a compensable injury. This argument fails, however, as GM ignores the plaintiff's allegations, liberally construed, that the "defect had actually manifested itself in [his] vehicle[]," Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999), and his allegations of injury, particularly his claim that piston slap harms the engine. The assertions of actual, present damage distinguish this case from those GM relies on, in which the plaintiffs "concede[d] they were not among the injured," Rivera v. Wyeth -Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) or were essentially seeking to recover for a "potentially life-threatening defect." Lee v. General Motors Corp., 950 F.Supp. 170, 172 (S.D.Miss. 1996).[4]

It is true the amended complaint does not clearly and explicitly allege that the plaintiff's engine suffered from excessive piston-to-bore clearance or that his engine was damaged, used excessive oil or had sustained any of the other specific consequences alleged to stem from the "piston slap" defect. However, under the liberal pleading standard of Fed.R.Civ.P. 8(a), the court broadly interprets the plaintiff's complaint as making such allegations. In reaching that conclusion a further word about the terminology the plaintiff

---

[4]*At this procedural stage, the issue is whether the plaintiff has pleaded damages, not whether he can prove he actually sustained a cognizable loss.*

3

employs is warranted. The plaintiff has used the term "piston slap" in various ways, depending on the context. At times, the plaintiff is careful to identify the alleged underlying defect as excessive piston-to-bore clearance. He terms this defect "piston slap." At other times the plaintiff refers to "piston slap" as the noise resulting from the defect, a subtle but potentially important shift. As the defendant correctly notes, noise by itself is not a "defect" within the meaning of warranty claims, both contractual and pursuant to the Uniform Commercial Code or Magnuson-Moss Warranty Act, or under many states' consumer laws. *E.g.*, Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627 (Ill.App.Ct. 2001); Miller v. DaimlerChrylser Motors Corp., 2001 WL 587496 (Ohio Ct.App. 2001).

To establish an actionable defect, the plaintiff must allege and ultimately prove not just that his vehicle was noisy, or that it generated what the plaintiff views as excessive noise, but that the vehicle in fact suffered from the underlying defect alleged – that the excessive piston-to-bore clearance resulted in engine damage, increased oil consumption and the like. For present purposes the question is whether the plaintiff has sufficiently pleaded the requisite defect. The court concludes he has. Dismissal of the complaint is not, therefore, warranted on the ground that the plaintiff has failed to allege a product defect or injury.

Breach of Warranty

GM contends the plaintiff's express warranty claim is deficient for lack of allegations that his vehicle exhibits or suffers from piston slap or that GM has refused to repair a defect in the engine or indicated an intent not to repair his engine under the warranty if premature failure occurs. Reagan's implied warranty claim is undermined, GM argues, by his failure

to allege that his vehicle's engine has failed in any way or is unfit for transportation. Neither argument is persuasive; the plaintiff has alleged sufficient facts to support both warranty claims.

New York Consumer Protection Act

GM contends that the plaintiff's claim under the New York Consumer Act, 73 N.Y. Gen. Bus. Law § 349,[5] fails because of the absence of allegations of materiality and causation –that he relied on or was harmed by GM's deceptive trade practice.  The defendant asserts that the only representations cited in the complaint – the Technical Service Bulletins -- were issued after the plaintiff purchased his vehicle. As an additional ground for dismissal of the plaintiff's misrepresentation claim, GM argues that it is subject to the particularity requirement of Fed.R.Civ.P. 9(b) and the amended complaint's allegations are insufficient to meet the heightened pleading requirement.

Several of the "theories of liability" pleaded by the plaintiff in support of his consumer protection claim are inadequate to state a claim under the New York statute. *See generally* Small v. Lorillard Tobacco Co., Inc., 720 N.E.2d 892, 897 (N.Y. 1999) ("Generally claims under the statute [§349(a)] are available to an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading

---

[5]*The statute proscribes: "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. 73 N.Y. Gen. Bus. Law § 349(a).*

advertising.").[6]  However, liberally construing the complaint, the court finds the plaintiff's assertion that GM provided extended warranties via the Component Letters, but simultaneously refused to repair/replace the alleged defective engines, is enough to state a claim under New York's consumer law.  More is not required, as "an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed.R.Civ.P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a), Fed.R.Civ.P." Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005) (citations omitted).  Proof of actual reliance also is not required in a private action brought under § 349.  *Id. Accord* Small, 720 N.E.2d at 897 (intent to defraud and justifiable reliance are not elements of §349(a) claim).

Unjust Enrichment

Dismissal of the plaintiff's unjust enrichment claim is necessary, GM asserts, because New York does not allow a party to prevail on an unjust enrichment claim where there is an adequate remedy at law.  While the plaintiff may not recover twice, he still may plead an equitable claim in addition to a legal remedy.  Fed.R.Civ.P. 8(e)(2) permits a party to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."  *See* Maalouf v. Salomon Smith Barney, Inc., 2003 WL 1858153, at *7 (S.D.N.Y. April 10, 2003) ("The fact that [the plaintiff] may

---

[6]*As noted by GM in its reply brief and evidenced by the technical service bulletins, themselves, the bulletins were not issued to consumers.  The bulletins also reflected the defendant's position that the noise, while a "customer annoyance issue," did "not affect the durability or life of the engine."  First Amended Class Action Complaint, ¶28.*

only *recover* on one claim, either contract or quasi-contract, certainly does not preclude him from *pleading* unjust enrichment in the alternative."). The plaintiff's unjust enrichment claim is not subject to dismissal at this procedural juncture.

Accordingly, the defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE