## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re:  General Motors Corporation, | ) | Case No.  MDL 04-1600 |
| "Piston Slap" Products Liability Litigation, | ) | Judge Joe Heaton |
| | ) | |
| | ) | |

**This document relates to:**
***Van Tassel v. General Motors Corporation,*** **Case No. CIV-04-05073-ODS**

## ORDER

Plaintiffs Douglas Van Tassel, the owner of a 2002 GMC Sierra HD truck, Curtis and Yvette Walker, the owners of a 1998 Cadillac Catera,[1] and David Thompson, the owner of a 1999 GMC Sierra 1500 truck, filed a class action complaint against General Motors Corporation ("GM") premised on an alleged defect in certain car and truck engines it designed and manufactured.[2]  In addition to claiming the defendant breached express and implied warranties and was unjustly enriched, and seeking injunctive and declaratory relief, the plaintiffs allege GM violated the Missouri Merchandising Practices Act and Missouri's lemon law.[3]  GM has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), contending it fails to state a claim and does not allege misrepresentation under state law

---

[1]*As noted by GM in its motion to dismiss, the Walkers do not allege that their vehicle made a loud noise after start up and presumably cannot, as the plaintiffs allege the defect is present in GM 1999 through 2003 model year cars and trucks and the Walkers' car is a 1998 model.*

[2]*The plaintiffs filed the complaint on behalf of themselves and all others who purchased from a GM authorized dealer within the State of Missouri any new 1999-2003 model year GM car or truck with a 3.1, 3.4, 4.8, 5.3, 5.7(LS1), 6.0 or 8.1 liter engine.*

[3]*The court assumes the repeated reference to the State of Kansas in the plaintiffs' first cause of action was in error and the product of careless drafting.*

with the required particularity.[4]

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. *See* Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). Reviewing the complaint under that lenient standard, the court concludes the defendant's motion should be granted in part and denied in part. The rationale for the court's decision follows a brief summary of the plaintiffs' allegations.

In their complaint, the plaintiffs assert that certain engines, including those in their GM vehicles, that the defendant designed and manufactured for its 1999-2003 model year cars and trucks had a defect, referred to as piston slap, that resulted from excessive clearance between the pistons and the sides of the cylinder walls or bores. Piston slap, they allege, causes a loud knocking noise, damages the engine, wastes fuel and oil, causes significantly higher vehicle emissions, reduces the vehicle's power and performance, and lowers the vehicle's resale value. The plaintiffs claim that when their engines began to make a loud knocking noise after start-up they took them to GM dealers where they were informed by the

---

[4]*Although it pertains primarily to a different plaintiff, the court has not considered the extraneous information (plaintiff Massari's interrogatory answers) GM refers to in its reply brief.*

service representatives that the sound was "normal engine noise" and a "normal condition."[5] At that time all three vehicles were under warranty.[6]

The plaintiffs contend that several Technical Service Bulletins GM issued in 2001 and 2003, not only demonstrate that GM was aware of the piston slap problem, but reveal the defendant's attempt to avoid liability and conceal the negligent design or manufacturing defect.  They also allege that as a result of complaints GM offers owners extended 6 year/100,000 mile  warranties on the engines and engine parts, but then refuses to cover piston slap under the new warranty.[7]

Citing "no-injury" product defect cases, the defendant initially contends the plaintiffs cannot maintain an action under any of their legal theories for a defect that has not caused a compensable injury.  This argument fails, however, as GM ignores the plaintiffs' allegations, liberally construed, that the "defect had actually manifested itself in their vehicles," Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999), and their allegations of injury, particularly their claim that piston slap harms the engine.[8]   The

---

[5]*The class action complaint alleges that plaintiffs Thompson and Van Tassel noticed the noise, but not the Walkers.*

[6]*The plaintiffs' trucks were covered by GM's new vehicle limited warranty and plaintiff Thompson also purchased an extended warranty.*

[7]*The plaintiffs apparently were given Component Letter warranties, as the complaint alleges that their vehicles are still covered by them.  Class Action Complaint, ¶42.  The circumstances under which the extended warranties were obtained are not, however, alleged.*

[8]*The conclusion applies to Van Tasell and Thompson.  The allegations as to the Walkers' claims are discussed infra.*

assertions of actual, present damage distinguish this case from those GM relies on, in which the plaintiffs "concede[d] they were not among the injured," Rivera v. Wyeth -Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) or were essentially seeking to recover for a "potentially life-threatening defect."  Lee v. General Motors Corp., 950 F.Supp. 170, 172 (S.D.Miss. 1996).[9]  It is true the amended complaint does not clearly and explicitly allege that the plaintiffs' engines suffered from excessive piston-to-bore clearance or that their engines were damaged, used excessive oil or had sustained any of the other specific consequences alleged to stem from the "piston slap" defect.   However, under the liberal pleading standard of Fed.R.Civ.P. 8(a), the court broadly interprets the plaintiffs' complaint as making such allegations.  In reaching that conclusion a further word about the terminology the plaintiffs employ is warranted.  The plaintiffs have used the term "piston slap" in various ways, depending on the context.  At times, the plaintiffs are careful to identify the alleged underlying defect as excessive piston-to-bore clearance. They term this defect "piston slap." At other times the plaintiffs refer to "piston slap" as the noise resulting from the defect, a subtle but potentially important shift.  As the defendant correctly notes, noise by itself is not a "defect" within the meaning of warranty claims, both contractual and pursuant to the Uniform Commercial Code or Magnuson-Moss Warranty Act, or under many states' consumer laws. E.g., Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627 (Ill.App.Ct. 2001); Miller v. DaimlerChrylser Motors Corp., 2001 WL 587496 (Ohio Ct.App. 2001).

---

[9]*At this procedural stage, the issue is whether the plaintiffs have  pleaded damages, not whether they can prove they actually sustained a cognizable loss.*

To establish an actionable defect, the plaintiffs must allege and ultimately prove not just that their vehicles were noisy, or that they generated what the plaintiffs view as excessive noise, but that the vehicles in fact suffered from the underlying defect alleged – that the excessive piston-to-bore clearance resulted in engine damage, increased oil consumption and the like.  For present purposes, the question is whether the plaintiffs have sufficiently pleaded the requisite defect.  The court concludes they have.  Dismissal of the complaint is not, therefore, warranted on the ground that the plaintiffs have failed to allege a product defect or injury.

Breach of Warranty

GM contends the plaintiffs' express warranty claim is deficient for lack of allegations that their vehicles exhibit or suffer from piston slap or that GM has refused to repair a defect in their engines or indicated an intent not to repair their engines under the warranty if premature failure occurs.  The plaintiffs' implied warranty claim is undermined, GM argues, by their failure to allege that their vehicles' engines have failed in any way or are unfit for transportation.  Neither argument is persuasive; the plaintiffs have alleged sufficient facts to support both warranty claims.

Missouri Merchandising Practices Act

GM initially attacks the plaintiffs' claim under Missouri's Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, *et seq.* on the ground the plaintiffs did not plead facts establishing they have sustained a loss as required by the statute.  *See* Mo. Rev. Stat. §407.025(1).  The court has previously addressed and rejected GM's contention that the

complaint lacks allegations of injury.

As another ground for dismissing the MMPA claim, GM argues that the plaintiffs have not alleged misrepresentation or deceptive conduct with the particularity required by Fed.R.Civ.P. 9(b).  Assuming the heightened pleading requirement applies to a MMPA claim, the court finds the allegations in ¶¶ 56-58 suffice.  At a minimum, the plaintiffs assertion that GM provided extended warranties via the Component Letters, but simultaneously  refused to repair/replace the alleged defective engines, is enough to allege an unlawful practice "in connection with the sale ... of any merchandise in trade or commerce."  Mo. Rev. Stat. §407.020(1).

Missouri Lemon Law

Although the plaintiffs briefly refer by statutory citation to Missouri's lemon law, Mo. Rev. Stat. §§  407.560 - 407.583, in their complaint, Class Action Complaint, ¶55,[10] they do not make any specific allegations pertaining to it.  They also did not respond to the defendant's arguments that their allegations were deficient and that any claim they had under the statute is time-barred.  Instead, they state in a footnote that they have not brought any claims under Missouri's lemon law statute.  To the extent a claim was pleaded under the statute, it will be dismissed.

Unjust Enrichment

---

[10]*The plaintiffs generally alleged that "[a]s described herein, Defendant's acts or practices are deceptive and/or unlawful in violation of § 407.560, et seq. [lemon law] and § 407.010, et seq. ('Missouri Consumer Protection Acts')."  Class Action Complaint, ¶55.*

6

Dismissal of the plaintiffs' unjust enrichment claim is necessary, GM asserts, because Missouri does not allow a party to recover under a quasi-contractual theory when a valid contract exists. While the plaintiffs may not recover twice, they still may plead an equitable claim in addition to a legal remedy. Fed.R.Civ.P. 8(e)(2) permits a party to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." *See* Banner Iron Works, Inc. v. Amax Zinc Co., Inc., 621 F.2d 883,889 (8th Cir. 1980) ("There is some doubt whether, under Missouri law, a plaintiff is required to elect between a quantum meruit theory and a contract theory before the claim is submitted to the jury."); Classic Kitchens & Interiors v. Johnson, 110 S.W.3d 412, 416 (Mo. Ct. App. 2003) ("The existence of an express contract does not preclude a party, after performance, from suing in quantum meruit for the reasonable value of the work and materials.") (quoting St. Louis Testing Labs., Inc. v. Mississippi Valley Structural Steel Co., 254 F.Supp. 47, 53 (E.D.Mo.1966), *aff'd* 375 F.2d 565 (8th Cir.1967)). The plaintiff's unjust enrichment claim is not subject to dismissal at this procedural juncture.

Walkers' claims

As noted by GM in its motion to dismiss, the Walkers do not allege that their vehicle made a loud knocking noise after start up.[11] They presumably cannot, as the piston slap defect is alleged to be present in GM 1999 through 2003 model year cars and trucks and the Walkers' vehicle is a 1998 model. In their response brief the plaintiffs do not address what

---

[11]*This apparently was not an oversight, as the plaintiffs reiterate the allegation in their response to GM's motion to dismiss. Plaintiffs' response, p. 2.*

7

appears to be a fatal flaw in the Walkers' claims – their vehicle was manufactured before GM redesigned its engines and allegedly created the excessive piston-to-bore clearance. The Walkers have failed to state a claim for relief and their claims will be dismissed. Fed.R.Civ.P. 12(b)(6).

Accordingly, the defendant's motion is **GRANTED** as to the claims of the Walkers and to the extent the plaintiffs pleaded a claim under Missouri's lemon law. In all other respects it is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2005.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE