**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re:  General Motors Corporation, | ) | Case No.  MDL 04-1600 |
| "Piston Slap" Products Liability Litigation, | ) | Judge Joe Heaton |
| | ) | |
| | ) | |
| | ) | **(This document relates to** |
| | ) | **ALL CASES**)[1] |

## ORDER

Defendant has filed its motion to strike expert testimony, arguing the affidavits submitted as to Lance S. Coren and Dr. Robert L. Hoekstra should be stricken.  Defendant broadly contends that it did not have timely notice of the identity of these experts, that it lacks background and related information as to them, and that it has therefore been prejudiced in its ability to respond to the pending class certification motions.  Plaintiffs argue the depositions of these expert witnesses were unnecessary for various reasons and that defendant has not been prejudiced by the timing of the expert disclosures.

The Court is unpersuaded that expert depositions are "completely unnecessary at this stage of the litigation."  Plaintiffs' response brief, p. 3.  Such discovery could inquire into a number of areas bearing on the class certification questions and include matters beyond what might be necessary to mount or address a Daubert-type challenge to the admissibility of the proffered expert opinions.  The Court is also unpersuaded that the appropriate step here is to strike the affidavits of the two proffered experts, as less onerous means exist for avoiding any

---

[1] *GM did not include the Largent case in its list of actions to which its motion to strike applies.  The court assumes that was an oversight, as only one response brief, related to "All Cases," was filed.*

prejudice to defendant from the timing of the expert disclosures.

Accordingly, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are directed to fully respond to defendant's Interrogatory No. 2 and Request for Production No. 1 not later than **October 1, 2005**.[2] The deadline for completion of discovery as to class certification issues is extended to **December 1, 2005**, for the limited purpose of permitting this supplementation and the deposing of experts, offered by either party, whose testimony has been offered in connection with the class certification motions. Each party is granted leave to file a supplemental brief, not exceeding **twenty (20) pages**, addressing matters or issues raised by the expert depositions, which briefs shall be due not later than **January 1, 2006**.[3]

**IT IS SO ORDERED**.

Dated this 23rd day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *Defendant indicates 25 CD-ROMS of data were provided by plaintiffs as the information they had supplied to their expert witnesses for use in connection with the case, but that other responsive information relating to the experts' backgrounds and engagements has not been provided.*

[3] *By separate order, the Court has scheduled a hearing on the pending class certification motions.*