IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

_____

In Re:                                                                Case No. MDL 04-1600
                                                                      Judge Joe Heaton

General Motors Corporation "Piston Slap"
Product Liability Litigation

**This document applies to:**
*Reagan v. General Motors Corporation*, **Cause No. 04-CIV-01985;**
*Smith v. General Motors Corporation,* **Cause No. CIV-03-1546;**
*Gouthro v. General Motors Corporation*, **Cause No. 04CV10292;**
*Massari v. General Motors Corporation*, **Cause No. 04-CV-1253;**
*Brown v. General Motors Corporation,* **Cause No. 04-CV-193-J-32**
*Skinner v. General Motors Corporation,* **Cause No. CV-04-1043**
*Largent v. General Motors Corporation*, **Cause No. G-04-157; and**
*Boyd v. General Motors Corporation*, **Cause No. 03-74595.**

---

**ORDER**

Defendant has filed its motion to compel discovery [Doc. #65], to which the affected plaintiffs have responded. It has also filed a supplemental motion to compel production of third-party documents [Doc. #70], directed to plaintiffs Gouthro, Reagan, Smith and Massari,[1] who have filed their responses.[2]

With respect to the initial motion to compel, Defendant states that plaintiffs Remor, Skinner and Largent have not responded to discovery requests. Plaintiffs, or at least their

---

[1]*The supplemental motion originally applied to the "Boyd plaintiffs" as well. However, the parties have resolved the issue and defendant has withdrawn its motion as to such plaintiffs [Doc. #74].*

[2]*Indeed, those plaintiffs have each filed separate responses, though the substance of each is identical to the others, with only minimal differences based on identification of the state law involved and a single citation of authority. Such multiple filings are unnecessary in this MDL proceeding and, when translated into paper copies, unnecessarily hard on the tree population.*

counsel, state they are considering substitution of parties and the discovery material as to these original plaintiffs is no longer necessary. While Douglas Brown has been substituted for John Remor, Skinner and Largent are still parties. Defendant's initial motion is **GRANTED** as to Brown, Skinner and Largent.[3] These plaintiffs are directed to respond to defendant's discovery requests by **August 30, 2005**.

Defendant objects to various discovery responses of some of the plaintiffs. In Interrogatory No. 12, defendant seeks information about the oil consumption of the vehicles of Smith, Massari and Reagan. Although those plaintiffs' responses are somewhat hidden amongst the verbiage of objections raised, reserved and then ignored, they appear to have answered the question posed.[4] Defendant's motion is therefore **DENIED** in this respect. If the affected plaintiffs responses have changed since the answers were given, they are directed to supplement their responses not later than **October 1, 2005**.

Defendant seeks various documents through its Requests for Production Nos. 9, 16, 17, 20 and 21. Those requests were initially met with various objections by plaintiffs, but the affected plaintiffs now state, essentially, that there are not any more documents within the scope of those requests beyond what have already been produced. It is remarkable that, if the answer to these requests for documents is that "there aren't any," that nugget of information could have remained hidden after various exchanges of letters and the

---

[3]*To the extent these plaintiffs have already responded to defendant's interrogatories and document production requests, the court's ruling is moot.*

[4]*Smith and Massari say their vehicles do not show increased oil consumption. Reagan states the rate of consumption for his vehicle.*

consultation of counsel which apparently occurred prior to the filing of the motion to compel. However, apparently it did. On the assumption the affected plaintiffs have responded (answering "none") to the requests for additional documents, the motion to compel is **DENIED** in this respect. If responsive documents not already produced have since been identified, plaintiffs are directed to produce them not later than **October 1, 2005**.

Defendant seeks information as to certain plaintiffs' damages in Interrogatory No. 3 and Request for Production No. 2. After raising various objections, those plaintiffs answered they had not determined the amount of damages at that point. The affected plaintiffs (Smith, Reagan, Gouthro and Massari) are directed to file supplemental responses identifying the type or nature of any damages claimed by them and the motion to compel is **GRANTED** to that extent. If, in the period since the filing of the motion, plaintiffs have retained experts or obtained other information which enables them to respond to the requests relating to the extent or amount of damages claimed, they are ordered to file, not later than **October 1, 2005**, supplemental responses reflecting same and/or stating, specifically and with authority, the basis for any privilege objection about which they are serious.

In Interrogatory Nos. 20 and 21, defendant seeks specific information as to any express or implied warranty claimed to have been violated. Plaintiffs' responses suggest, but do not exactly state,[5] that there are no warranties relied on other than the defendant's written new vehicle warranties (including extended warranties) and, as to Reagan, a letter dated

---

[5]*Plaintiffs' responses state the warranties relied on "include" defendant's written warranties.*

3

11/25/02. If plaintiffs rely on any warranties, or facts and circumstances claimed to be the basis for the existence of a warranty, other than those specifically identified in their responses to the motion to compel (Response of Largent and others, p. 6), they are directed to fully respond to the indicated interrogatories not later than **October 1, 2005**.

Defendant also seeks information and documents regarding arrangements of plaintiffs with counsel (Interrogatory No. 16 and Request for Production Nos.10 and 12), arguing such information relates to the adequacy of proposed class counsel to represent the interests of the classes. To the extent plaintiffs have not already done so, they are directed to respond, not later than **October 1, 2005**, to Interrogatory No. 16 insofar as it seeks information as to the date on which representation began and the circumstances as to how the representation came about. To the extent Interrogatory No. 16 seeks information as to the terms and conditions of the representation, and as to Request for Production nos. 10 and 12, the motion to compel is **DENIED**. The information within the scope of those requests is potentially privileged. Further, it appears to have little, if anything, to do with the adequacy of counsel to represent the purported classes. *See generally* Sanderson v. Winner, 507 F.2d 477 (10th Cir. 1974).

With respect to the supplemental motion to compel production of third-party documents, defendant sought the production of documents evidencing contacts or communications with third parties as to matters relating to this lawsuit or the underlying facts. Request for Production No. 13. Several plaintiffs responded to the request. Smith, Gouthro, Massari and Reagan did not, but asserted relevance and privilege objections. The relevance objection is, of course, nonsense and is overruled. As to the privilege objection,

4

these plaintiffs suggest the scope of Request for Production No. 13 is broad enough to encompass attorney notes, attorney-client communications, and other documents which are work product. Read broadly, the request does potentially encompass documents which are privileged or work product. On the present record, there is no basis for production of attorney notes of contacts with witnesses, of contracts with consultants hired in connection with the case, or the like. On the other hand, defendant's brief suggests its primary concern is GM documents which may have been provided to plaintiffs by former employees or other third parties. Such pre-existing documents are not privileged from production merely because they are gathered by counsel and plaintiffs are directed to produce any such documents they have.

The affected plaintiffs are ordered to supplement their responses to Request for Production No.13 not later than **October 1, 2005**. If the parties are unable to resolve any remaining privilege or other such questions based on the guidance in this order, plaintiffs' response shall include an appropriate privilege log setting out the specific categories or types of documents as to which a dispute exists.[6]

Accordingly, defendant's motion to compel [Doc. #65] and its supplemental motion to compel [Doc. #70] are **GRANTED IN PART** and **DENIED IN PART**, as more fully set forth above. The parties shall bear their respective fees and costs associated with the motions

---

[6]*The Court fully anticipates the parties will be able to resolve any questions as to the scope of the request appropriately, as has apparently been the case with other plaintiffs. In any event, if disputes remain, the Court will expect full compliance with LCvR37.1 before any further motions are filed.*

to compel.

**IT IS SO ORDERED**.

Dated this 23rd day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE