# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:  General Motors Corporation,<br>"Piston Slap" Products Liability Litigation,<br><br>Judge Joe Heaton | )  Case No.  MDL 04-1600<br>)<br>)<br>)<br>) |

## ORDER

On September 9, 2005, plaintiff's counsel ("MDL counsel") in *John M. Skinner v. General Motors Corporation,* moved to substitute Brian Boyd as plaintiff and class representative in place of the current plaintiff, John M. Skinner, and the proposed class representative, Randy Daniels.  The court denied the motion, noting that Skinner had failed to respond to the defendant's discovery requests for many months, despite the court's August 23, 2005, order compelling responses.[1]  It was inappropriate, the court concluded, to allow Skinner, who had originally filed the case and maintained it for an extended period, to avoid responding to discovery by a substitution of parties. Skinner was directed to respond to the outstanding discovery requests by October 15, 2005, and advised that if he failed to comply, the action would be dismissed.[2]

MDL counsel has now filed a motion to reconsider, stating that compliance with the court's order is impossible as Skinner, unbeknownst to them, retained another attorney, sued General Motors Corporation ("GM") in California, and settled his claims against GM.  That settlement, MDL counsel argues, precludes them from representing Skinner and also prevents

---

[1]The discovery was served on Skinner on June 25, 2004.

[2]*The order also provided that the motion for substitution could be reurged once Skinner served his discovery responses.*

Skinner from pursuing any claims against GM or GM from seeking discovery from Skinner.

MDL counsel state in their motion they learned of Skinner's California suit and settlement in April, 2005, yet they failed to seek substitution until almost six months later.[3] The deadline for completion of class certification discovery was January 31, 2005 and the motions for class certification and responses have now been filed.[4] A substitution at this late date would require discovery to be reopened, supplementation of briefs, and further delay in the resolution of the class certification issues. While class actions are different from the ordinary case in some respects, they are not just shell lawsuits. They, like any other case, require plaintiffs who have valid claims they pursue with diligence. Given the delay in responding to the discovery and seeking a timely substitution of parties, the court concludes permitting substitution of parties in these circumstances is not warranted. Accordingly, the motion to reconsider is **DENIED**. Case No. CIV-04-1043-HE is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*In the plaintiffs' response to the defendant's motion to compel, filed December 6, 2004, counsel stated they planned to substitute another individual as plaintiff for Skinner. Subsequently, in a motion filed on August 30, 2005, seeking an extension of time within which to comply with the Court's August 23, 2005, discovery order, counsel again stated their plan to substitute someone else for Skinner. In that motion counsel requested an extension until Sept. 9, 2005, for Skinner to respond to the defendant's discovery requests. In lieu of responses, the motion to substitute was filed on Sept. 9, 2005.*

[4]*The deadline for class certification discovery was extended to December 1, 2005, for the limited purpose of discovery pertaining to expert witnesses, as detailed in the Court's August 23, 2005, order.*